IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREENWICH INSURANCE COMPANY, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> MARKLAND PLAZA, LLC, MT. HAWLEY ) </br> INSURANCE COMPANY, and BEST BUY ) </br> STORES, L.P., ) </br> ) </br> Defendants. ) | Case No.: _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, GREENWICH INSURANCE COMPANY ("Greenwich"), by and through its attorneys, Karbal, Cohen, Economou, Silk & Dunne, LLC, and herein submits its Complaint for Declaratory Judgment against Defendants, MARKLAND PLAZA, LLC ("Markland"), MT. HAWLEY INSURANCE COMPANY ("Mt. Hawley") (together, "the Defendants"), and Best Buy Stores, L.P. ("Best Buy"). In support thereof, Greenwich states as follows:

**NATURE OF THE ACTION**

1. This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure. In this action, Greenwich seeks a declaration of the parties' rights and obligations under a commercial general liability insurance policy issued by Greenwich to Best Buy as one of the Named Insureds with respect to the lawsuit captioned *Brenda Burton, Individually and as Personal Representative of the Estate of Joseph Burton, Deceased, v. Best Buy, L.P., et al.*, currently pending in the Superior Court of Howard County, Cause No. 34D01-1905-CT-001336 ("the Underlying Lawsuit").

1

2845645v2

2. Markland is a defendant in the Underlying Lawsuit and seeks coverage for the Underlying Lawsuit as an additional insured under the Greenwich insurance policy.

3. On information and belief, Mt. Hawley issued an insurance policy to Markland.

4. Greenwich seeks a declaratory judgment from this Court, pursuant to 28 U.S.C. §§ 2201 and 2202, that Greenwich has no obligation to defend or indemnify Markland in connection with the Underlying Lawsuit under the Greenwich insurance policy.

5. An actual and justiciable controversy exists between the parties regarding coverage under the Greenwich insurance policy, including, but not limited to, whether Greenwich has a duty to defend and/or indemnify Markland with respect to the Underlying Lawsuit.

## THE PARTIES

6. Plaintiff Greenwich is an insurance company organized and existing under the laws of the State of Delaware, with its principal place of business in Connecticut.

7. Defendant Markland is an Indiana limited liability company with its principal place of business in Ohio. One hundred percent of Markland's membership interest is held by Bowie Mall Company, LLC, which is a Delaware limited liability company with its principal place of business in Maryland. In turn, Bowie Mall Company, LLC has two members, Washington Prime Group, L.P. (an Indiana limited partnership with its principal place of business in Indiana whose sole general partner is Washington Prime Group Inc.) and Washington Prime Group Inc. (f/k/a WP Glimcher, Inc.) (an Indiana corporation with its principal place of business in Ohio).

8. Mt. Hawley is an Illinois company with its principal place of business in Illinois. Mt. Hawley is named herein solely as a party with a potential interest in the insurance dispute as it contends that Markland qualifies as an additional insured under the Greenwich policy and, therefore, Mt. Hawley should be relieved of any obligation to defend and/or indemnify Markland

2845645v2

in connection with the Underlying Lawsuit. Should Mt. Hawley agree to be bound by the final order entered in this case, including any appeal, Greenwich will dismiss it from this lawsuit.

9. Defendant Best Buy is a Virginia limited partnership with its principal place of business in Minnesota. It has one general partner (BBC Property Co., a Minnesota corporation) and one limited partner (BBC Investment Co., a Nevada corporation), both of which are wholly-owned subsidiaries of Best Buy Company, Inc., which is a Minnesota corporation with its principal place of business in Minnesota. Best Buy is named herein solely as a party with a potential interest in the insurance dispute.

## JURISDICTION AND VENUE

10. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Greenwich, on the one hand, and the Defendants, on the other hand, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to this dispute occurred in this District.

## THE UNDERLYING ALLEGATIONS

12. The Underlying Lawsuit resulted from an accident which took place on or about December 8, 2018. (A true and correct copy of the Second Amended Complaint for Damages in the Underlying Lawsuit is attached as Exhibit A).

13. At the time of the accident, Best Buy leased certain premises within Markland Mall (located at 1403 South Reed Road, Kokomo, Indiana) from Markland for the purposes of operating a retail store ("the Leased Premises").

2845645v2

14. The lease agreement for the Leased Premises was originally executed on or about January 23, 2002 between Best Buy and Simon Property Group, L.P. ("the Lease"). (A true and correct copy of the Lease is attached as Exhibit B).

15. On or about May 20, 2014, Simon Property Group, L.P. assigned and transferred its leaseholds in Markland Mall to Markland, which included the Lease ("the Assignment"). (A true and correct copy of the Assignment of Leases is attached as Exhibit C.)

16. The Lease defines the Leased Premises that Best Buy agreed to rent as follows:

> A one-story building which will contain approximately twenty-nine thousand nine hundred fifty-seven (29,957) square feet of gross leasable area with all buildings and improvements thereto (the "Premises"). The Premises is located in the Shops at Markland Plaza Shopping Center (herein the "Shopping Center"). The Premises are cross-hatched on the site plan attached as Exhibit B and have a frontage of not less than approximately 186 feet and a depth of approximately 158 feet.

(Ex. B at pp. 5-6.)

17. In Section 39 of the Lease, the parties agree that:

> Landlord will maintain in good order, condition and repair, all parking areas and other areas used in common by tenants of the Shopping Center (the "Common Area"), and Landlord hereby grants to Tenant, its agents, employees and invitees, the nonexclusive right to use the Common Area in common with other tenants of the Shopping Center. In each Lease Year Tenant shall pay Landlord, as additional rent, its proportionate share of Landlord's Operating Costs (as hereinafter defined). Tenant's proportionate share of the Landlord's Operating Costs will be computed by multiplying Landlord's Operating Costs by a fraction, the numerator of which shall be the number of leasable square feet in the Premises…
>
> As used herein, the term "Landlord's Operating Costs" shall mean actual out-of-pocket expenses incurred by Landlord for maintaining the Common Areas in the manner required of Landlord hereunder including, without limitation, all costs and expenses of repairing, lighting and cleaning, removal of snow, ice and debris sweeping, and replacement of landscaping per the specifications set forth in Exhibit G…

(*Id.* at p. 36.)

18. In Section 49 of the Lease the parties agree that:

> All Common Areas of the Shopping Center shall at all times be subject to the exclusive, uniform and reasonable control and management of the Landlord.

(Ex. B at p. 42.)

19. Exhibit G to the Lease contains the "Common Area Specifications," which include "Snow Removal" and that said removal "shall be accomplished in a commercially reasonable manner for similar, first-class retail properties in the Kokomo, Indiana area."

20. Markland entered into a service agreement with a contractor for the purposes of snow removal in the Common Areas per its obligations under Section 39 of the Lease. That service contract specified that removal of snow and salting of the parking lot was to take place when requested by Markland.

21. On or about December 8, 2018, Joseph Burton allegedly slipped and fell on a patch of ice and/or snow while exiting his car in a Common Area (*i.e.,* a parking lot) at the Markland Mall ("the Accident").

22. Markland never requested any services from its snow removal contractor during November or December 2018.

23. Joseph Burton had not entered the Best Buy premises on December 8, 2018.

24. The Underlying Lawsuit alleges that the injuries Joseph Burton sustained in the Accident ultimately led to his death on December 14, 2018.

25. Brenda Burton subsequently sued Markland, Best Buy, and another party for negligence, alleging in the Underlying Lawsuit that they had each breached their duty to exercise reasonable care in maintaining the premises where Joseph Burton slipped and fell.

26. Markland subsequently filed a cross-claim in the Underlying Lawsuit asserting claims for breach of contract and indemnity against Best Buy.

2845645v2

27. Best Buy has also filed a cross-claim in the Underlying Lawsuit asserting breach of contract and indemnity against Markland.

28. In August 2020, Mt. Hawley and Markland tendered the defense and indemnification of the Underlying Lawsuit to Greenwich, demanding additional insured coverage under the general liability insurance policy issued by Greenwich to Best Buy.

## THE GREENWICH POLICY

29. Greenwich issued commercial general liability policy no. RGE9437572-06 to Best Buy Company, Inc., effective February 1, 2018 to February 1, 2019, which is the subject of this action ("the Greenwich Policy").

30. Best Buy qualifies as a Named Insured under the Greenwich Policy.

31. The Greenwich Policy provides, in part, the following:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….

   \*\*\*

32. The Greenwich Policy contains the following definitions:

**SECTION V – DEFINITIONS**
\*\*\*
3. "Bodily injury" means bodily injury, sickness, or disease sustained by a person. This includes mental anguish, mental injury, shock, fright, or death resulting from the bodily injury.

***

**14.** "Occurrence" means:

   a. An accident, including continuous or repeated exposure to substantially the same general harmful conditions….

***

33.  The Greenwich Policy includes an ADDITIONAL INSURED – MANAGERS OR LESSORS OF PREMISES endorsement CG 20 11 04 13 ("the Managers Endorsement"), which provides in part:

| **Designation Of Premises (Part Leased to You):** |
|---|
| All leased premises. |
| **Name Of Person(s) Or Organization(s) (Additional Insured):** |
| Where required by agreement or written contract, executed prior to loss. |

   **A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions…

***

34.  The Greenwich Policy includes an ADDITIONAL INSURED – DESIGNATED PERSON OR ORGANIZATION endorsement CG 20 26 04 13 ("the Designated Person Endorsement"), which provides in part:

| **Name Of Person(s) Or Organization(s) (Additional Insured):** |
|---|
| Where required by agreement or written contract, executed prior to loss. |

   **A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" … caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

7

1. In the performance of your ongoing operations; or

2. In connection with your premises owned by or rented to you…

***

### COUNT I
### (Declaratory Judgment – Markland is Not an Additional Insured Under the Greenwich Policy)

35. Greenwich hereby incorporates Paragraphs 1–34 of this Complaint as if fully set forth herein.

36. The Accident did not take place on the premises leased to Best Buy, but in the parking lot, which was a Common Area (as that term is defined in the Lease).

37. At the time of the Accident, Markland had exclusive, uniform and reasonable control and management of the parking lot in which the Accident took place and was solely responsible under the Lease for all snow and ice removal from said Common Areas.

38. Markland is not a Named Insured under the Greenwich Policy.

39. Markland does not qualify as an additional insured pursuant to the Managers Endorsement in the Greenwich Policy because the Accident did not arise out of the ownership, maintenance or use of that part of the premises leased to Best Buy.

40. Markland does not qualify as an additional insured pursuant to the Designated Person Endorsement in the Greenwich Policy because the Accident was not caused by Best Buy's actions or omissions in the performance of its ongoing operations or in connection with the premises rented to Best Buy.

41. Therefore, Greenwich has no duty under the Greenwich Policy to defend or indemnify Markland against the Underlying Lawsuit.

**WHEREFORE** for the reasons set forth above, Plaintiff, Greenwich Insurance Company, respectfully prays for judgment as follows:

    A. Declaring that Greenwich has no duty or obligation under the Greenwich Policy to defend Markland with respect to the Underlying Lawsuit;

    B. Declaring that Greenwich has no duty or obligation under the Greenwich Policy to indemnify Markland with respect to the Underlying Lawsuit; and

    C. Awarding such other and further relief as the Court deems just, equitable, and proper.

## COUNT II
### (Other Potential Greenwich Policy Defenses)

42. Greenwich hereby incorporates Paragraphs 1–41 of this Complaint as if fully set forth herein.

43. There is no coverage to the extent that any insured failed to notify Greenwich of an "occurrence" and/or an offense which may result in a claim and/or failed to forward to Greenwich every demand, claim or suit or any other development likely to affect Greenwich's liability in a timely manner as required by the Greenwich Policy.

44. Greenwich has no liability under the Greenwich Policy to the extent that any insured made any voluntary payment, assumed any obligation, and/or incurred any expense without Greenwich's consent.

45. Coverage under the Greenwich Policy is barred to the extent that any insured failed to mitigate, minimize, or avoid any damage that it allegedly did or will sustain in connection with the claims for which coverage is sought.

46. Coverage, if any, under the Greenwich Policy is subject to the Greenwich Policy's stated limits of liability.

2845645v2

47. There is no coverage for any Medical Payments (as that term is defined) under Coverage C of the Greenwich Policy, per the Exclusion – Coverage C – Medical Payments endorsement.

48. To the extent any insured has failed to perform all of its obligations and duties and/or comply with all conditions precedent and subsequent under the Greenwich Policy, coverage, if any, is barred.

49. Greenwich's coverage obligations under the Greenwich Policy, if any, are subject to the Self-Insured Retention Insurance endorsement contained therein.

50. To the extent that the Underlying Lawsuit seeks punitive damages or recovery for an award of punitive or exemplary damages, there is no coverage under the Greenwich Policy to the extent that insurance coverage for such claims is contrary to law, public policy or the terms and conditions of the Greenwich Policy.

**WHEREFORE** for the reasons set forth above, Plaintiff, Greenwich Insurance Company respectfully prays for judgment as follows:

    A. Declaring that Greenwich has no duty or obligation under the Greenwich Policy to defend Markland with respect to the Underlying Lawsuit;

    B. Declaring that Greenwich has no duty or obligation under the Greenwich Policy to indemnify Markland with respect to the Underlying Lawsuit; and

    C. Awarding such other and further relief as the Court deems just, equitable, and proper.

Dated: March 3, 2021

          Respectfully submitted,

          GREENWICH INSURANCE COMPANY

          By: */s/ Thomas Ferguson*
                    One of Its Attorneys

Thomas D. Ferguson
Dena Economou (*admission pending*)
**KARBAL, COHEN, ECONOMOU,
SILK & DUNNE, LLC**
150 South Wacker Drive, Suite 1700
Chicago, IL 60606
Tel:    312-431-3700
Fax:   312-431-3670
deconomou@karballaw.com
tferguson@karballaw.com

2845645v2